UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

DANIELLA MURATOV,

                Plaintiff,

        -against-

MAMA SHNITZEL INC.; MAMAS
GRILL INC.; and MIKE
MIRZACANDOV, also known as MIKE
MIRZ,

                Defendants.

---------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
22-CV-3785 (HG) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

      Plaintiff Daniella Muratov commenced this action against Defendants Mama

Shnitzel Inc., Mamas Grill Inc., and Mike Mirzacandov (a/k/a Mike Mirz) on June 27,

2022. (*See* Complaint ("Compl."), ECF No. 1.) Plaintiff alleges various claims, including

violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the New

York Labor Law ("NYLL"), Art. 6 § 191 *et seq*. The Clerk of Court certified Defendants'

default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on December 5,

2022, and Plaintiff subsequently moved for default judgment on December 9, 2022.

(Clerk's Entry of Default, ECF Nos. 13, 19; Mot. for Default J., ECF No. 20.) For the

reasons set forth below, this Court recommends that Plaintiff's motion be granted in

part.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

      As alleged in the complaint, Defendants Mama Shnitzel Inc. ("Mama Shnitzel")

and Mamas Grill Inc. ("Mamas Grill") (collectively, "Corporate Defendants") are both

New York corporations with their principal place of business at 100-22 67th Avenue,

Rego Park, New York (the "Rego Park address"). (Compl., ECF No. 1, ¶¶ 9, 15.) Defendant Mirzacandov is alleged to be "an owner, officer[,] and/or agent of the Corporate Defendants." (*Id.* ¶ 22.) Plaintiff alleges that she worked for Defendants from May 1, 2022, to May 31, 2022, and "was employed as a cashier and general worker at Defendants' restaurant" in Rego Park, New York. (*Id.* ¶¶ 6–7.)

Plaintiff further alleges that she worked an average of 19.5 hours per week. (*Id.* ¶ 40.) Specifically, Plaintiff worked 6.5 hours a day, from 11:00 a.m. until 5:30 p.m., three days a week. (*Id.*) Plaintiff alleges that she was not paid any wages during her period of employment. (*Id.* ¶ 41.)

As noted above, Plaintiff filed suit on June 27, 2022, alleging that Defendants violated the minimum wage provisions of both the FLSA and NYLL.[1] (*Id.* ¶¶ 53–60.) In the complaint, Plaintiff also alleged entitlement to statutory damages for alleged wage notice and statement violations under the NYLL. (*Id.* ¶¶ 61–67.) Plaintiff served Mama Shnitzel via the New York Secretary of State on July 8, 2022. (*See* Aff. of Service, ECF No. 9.) After Mama Shnitzel failed to respond to the complaint, Plaintiff requested a certificate of default as to Mama Shnitzel on October 7, 2022, which the Clerk of Court issued on October 11, 2022.[2] (*See* Req. for Certificate of Default, ECF No. 12; Clerk's Entry of Default, ECF No. 13.)

Plaintiff subsequently filed additional affidavits of service as to Mamas Grill and Mirzacandov, indicating that both were served on October 26, 2022. (Affs. of Service, ECF Nos. 14, 15.) The first of these affidavits indicates that Mamas Grill was served at

---

[1] Although Plaintiff styled her case as a collective action under the FLSA, she has not moved for conditional certification. (*See* Compl., ECF No. 1, ¶¶ 49–52.)

[2] Plaintiff first requested a certificate of default as to Mama Shnitzel on September 28, 2022. (*See* Req. for Certificate of Default, ECF No. 11.) The Clerk of Court denied Plaintiff's request on October 5, 2022. (*See* Oct. 5, 2022 ECF Notice.)

the Rego Park address; specifically, that the summons and complaint were left with "George Nun," who the process server "knew . . . to be Manager." (Aff. of Service, ECF No. 14.) The second affidavit indicates that Mirzacandov was also served via Mr. Nun at the Rego Park address, and that the summons and complaint were mailed to Mirzacandov at the same address. (Aff. of Service, ECF No. 15.) After neither Mamas Grill nor Mirzacandov responded to the complaint, Plaintiff requested a certificate of default as to these Defendants on November 18, 2022. (Req. for Certificate of Default, ECF No. 17.) The Clerk of Court issued the requested certificate of default on December 5, 2022. (Clerk's Entry of Default, ECF No. 19.)

Plaintiff then filed the present motion for default judgment and accompanying documents on December 8, 2022. (*See* Mot. for Default J., ECF No. 20; Mem. in Supp. of Mot. for Default J. ("Supp. Mem."), ECF No. 21; Decl. of Jason Mizrahi, ECF No. 22.) Thereafter, the Honorable Hector Gonzalez referred the motion to the undersigned magistrate judge for a report and recommendation. (Mar. 7, 2023 ECF Referral Order.)

On March 21, 2023, the Court scheduled a telephonic motion hearing on Plaintiff's motion for default judgment and directed the Clerk of Court to mail notices of the hearing to two addresses associated with Defendants, along with a copy of the docket sheet. (Mar. 21, 2023 ECF Scheduling Order; Notice to Defendants, ECF No. 25.) The hearing took place on April 19, 2023, but Defendants failed to appear. (*See* Apr. 19, 2023 ECF Minute Entry and Order.) During the hearing, Plaintiff's counsel informed the Court that Plaintiff did not object to withdrawing her claims for wage notice and statement violations, for purposes of default judgment. (*See id.*) Plaintiff's counsel also represented that he had contacted Defendants no less than seven times regarding this action, but that these conversations did not lead to any resolution. (*See id.*) In light of

Defendants' failure to appear at the motion hearing notwithstanding the Court's Notice to Defendants, the Court took Plaintiff's motion under advisement. (*See id.*)

The Court subsequently issued an order on June 23, 2023, directing Plaintiff to file proof of mailing of the default motion papers to Mirzacandov at his last known residence. (*See* June 23, 2023 ECF Order to Show Cause.) Plaintiff filed an affidavit on June 30, 2023, indicating that the default motion papers had been mailed to Mirzacandov at two different addresses. (*See* Aff. of Service, ECF No. 27.) On July 13, 2023, the Court directed Plaintiff to file a letter addressing the adequacy of such mailing; the Court further directed Plaintiff to address the adequacy of service of the complaint as to Mamas Grill. (*See* July 13, 2023 ECF Order.) Plaintiff filed a letter on July 17, 2023, addressing both of these issues, and, on July 18, 2023, filed an additional affidavit indicating that the default motion papers were mailed to each of the Defendants. (*See* Status Report, ECF No. 28; Aff. of Service, ECF No. 29.)

## DISCUSSION

### I. Legal Standards for Default Judgment

Federal Rule of Civil Procedure 55 provides a "two-step process" for obtaining a default judgment. *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). The plaintiff must first obtain an entry of default when a defendant "has failed to plead or otherwise defend" in an action. Fed. R. Civ. P. 55(a). Second, after the certificate of default is entered, and on the plaintiff's application, the district court may enter a default judgment. Fed. R. Civ. P. 55(b); *see also* E.D.N.Y. Local Civ. R. 55.2(b). A "plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." *Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013). Rather, the decision to grant a motion for default judgment is "left to the sound discretion of [the] district court because it is in the best position to assess the individual

circumstances of a given case and to evaluate the credibility and good faith of the parties."[3] *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

The district court must also determine whether the plaintiff's "allegations establish [the defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). In making this determination, the "court is required to accept all of the . . . factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." *Id.* It is "the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012).

Moreover, while a default constitutes an admission of liability as to well-pleaded allegations, a default is "not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Under Federal Rule of Civil Procedure 55(b)(2), courts have discretion to decide whether an evidentiary hearing is necessary or whether the amount of damages can be determined based on detailed affidavits or documentary evidence. *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991). The "plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence or detailed affidavits." *Joe Hand Promotions, Inc. v. Benitez*, No. 18-CV-6476 (ARR) (PK), 2020 WL 5519200, at *3 (E.D.N.Y. Aug. 27, 2020), *report and recommendation adopted*, 2020 WL 5517240 (E.D.N.Y.

---

[3] A plaintiff must also establish compliance with the procedural requirements of E.D.N.Y. Local Civil Rules 7.1, 55.1, and 55.2. Having reviewed the filings in this case, the Court finds that Plaintiff's motion papers comport with these rules, but only as to Defendants Mama Shnitzel and Mirzacandov. Specifically, Plaintiff (1) requested certificates of default in accordance with Local Rule 55.1(a) (*see* Reqs. for Certificates of Default, ECF Nos. 12, 17); (2) demonstrated that these Defendants have failed to defend the action and that the pleadings were properly served, in accordance with Local Rule 55.1(b) (*see* Aff. in Supp. of Default; ECF No. 12-1; Aff. in Supp. of Default, ECF No. 17-1); and (3) certified the mailing of the motion papers to Mama Shnitzel's last known business address and Mirzacandov's last known residence, in accordance with Local Rule 55.2(c). (*See* Affs. of Service, ECF Nos. 24, 27, 29.)

Sept. 14, 2020); *see also Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 53–54 (2d Cir. 1993) (explaining that courts can assess damages based on "'detailed affidavits and documentary evidence'" (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). However, in the default posture, the moving party is "entitled to all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

Specific to FLSA cases, "in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct." *Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08-CV-6071 (SAS) (AJP), 2009 WL 289653, at *3 (S.D.N.Y. Jan. 30, 2009), *report and recommendation adopted*, 2009 WL 513371 (S.D.N.Y. Feb. 27, 2009); *see also Chao v. Vidtape, Inc.*, 196 F. Supp. 2d 281, 293 (E.D.N.Y. 2002); *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 126 (E.D.N.Y. 2011).

In this case, Plaintiff seeks a combination of compensatory damages, liquidated damages, pre- and post-judgment interest, attorney's fees, and costs associated with this action. (*See* Compl., ECF No. 1, at 11–12; Supp. Mem., ECF No. 21, at 13.) For the following reasons, the Court recommends entry of a default judgment and an award of damages, interest, fees, and costs, as detailed below.

## II.  Entry of Default

In determining whether entry of a default judgment is warranted, courts apply the same factors applicable to a motion to set aside entry of default. *See Enron Oil*, 10 F.3d at 96 (noting that "the factors examined in deciding whether to set aside a default or a default judgment are the same"). These factors include "1) whether the defendant's default was willful; 2) whether [the] defendant has a meritorious defense to [the] plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v.*

*Duce Constr. Corp.*, No. 02-CV-9044 (LTS) (GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003); *see also Enron Oil*, 10 F.3d at 96. "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil*, 10 F.3d at 96. In this case, the Court concludes that entry of a default judgment is appropriate, but only as to Mama Shnitzel and Mirzacandov, as explained below.

### A. Insufficient Service of Process

As to Mamas Grill, the Court lacks jurisdiction to enter a default judgment because Mamas Grill has not been adequately served. "[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). To "exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Indeed, "[a] judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected." *Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002); *see Helwing v. Pszeniczny*, No. 21-843, 2022 WL 610341, at *1 n.1 (2d Cir. Mar. 2, 2022) (treating defendants that "were never served" as if they "were never parties to the litigation"); *see, e.g., Innovative Sports Mgmt., Inc. v. Triangle Eatery & Bar, LLC*, No. 21-CV-6909 (AMD) (RER), 2022 WL 18151927, at *2–4 (E.D.N.Y. Dec. 14, 2022), *report and recommendation adopted*, 2023 WL 130835 (E.D.N.Y. Jan. 9, 2023).

Here, Plaintiff's affidavit of service as to Mamas Grill indicates that the summons and complaint were left with Mr. Nun, who the process server "knew . . . to be Manager thereof." (Aff. of Service, ECF No. 14.) In response to the Court's July 13, 2023 order

questioning the adequacy of service, Plaintiff correctly points out that, under New York law, service of a corporate defendant can be effected "by delivering the summons" to a "managing or general agent." N.Y. C.P.L.R. § 311(a); *see also* Fed. R. Civ. P. 4(e)(1), (h)(1)(A). (*See* Status Report, ECF No. 28.) New York courts have interpreted this term to mean a "'person invested by the corporat[e] [defendant] with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent . . . who acts in an inferior capacity and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it.'" *Vistra Tr. Co. v. Stoffel*, No. 08-CV-2844 (NRB), 2008 WL 5454126, at *7 (S.D.N.Y. Dec. 29, 2008) (quoting *Taylor v. Granite State Provident Ass'n*, 136 N.Y. 343, 346 (1893)). "'Managing or general agent' is [therefore] a term of art" and "does not refer to *any* agent of the [company], but one who operates at its highest levels, or at least has overall authority to make high-level decisions on the part of the enterprise." *Cooney v. Barry Sch. of Law*, 994 F. Supp. 2d 268, 270 (E.D.N.Y. 2014) (emphasis added) (discussing *Popkin v. Xerox Corp.*, 612 N.Y.S.2d 250 (N.Y. App. Div. 2d Dep't 1994)). Accordingly, "the title of . . . manager alone does not support an inference that an individual with that title has a sufficiently high-level position" to accept service on behalf of a corporate defendant. *Farquharson v. Barnes & Noble, Inc.*, No. 17-CV-300 (KAM) (CLP), 2018 WL 11486486, at *4 (E.D.N.Y. Mar. 5, 2018).

In light of this distinction, courts have held that an affidavit that merely identifies the person served as a manager, without more, does not establish service under C.P.L.R. § 311(a). *See, e.g., Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043 (DLI) (SJB), 2019 WL 1450746, at *5 (E.D.N.Y. Jan. 28, 2019); *J & J Sports Prods., Inc. v. RK Soto Enters. Inc.*, No. 17-CV-2636 (WFK) (VMS), 2020 WL 7684894, at *6–7 (E.D.N.Y. Feb. 7, 2020), *report and recommendation adopted*, 2020 WL 7041089 (E.D.N.Y. Dec. 1, 2020); *Ahn v. Sun Cleaners*

8

*Inc.*, No. 19-CV-5919 (DLI) (PK), 2021 WL 7186026, at *3 (E.D.N.Y. Feb. 1, 2021). The

Court likewise finds that, in this case, Plaintiff's affidavit of service as to Mamas Grill

fails to "allege any facts indicating that [Mr. Nun] possessed" sufficient authority to

qualify as a "managing or general agent" able to accept service on its behalf.[4]

*Farquharson*, 2018 WL 11486486, at *4. Seeing no other basis under New York law or

Rule 4 of the Federal Rules of Civil Procedure to conclude that service of process was

adequate as to Mamas Grill, the Court finds that service was insufficient and that the

Court lacks jurisdiction to issue a default judgment as to this Defendant.[5]

## B. Willfulness

In the default context, willfulness "refer[s] to conduct that is more than merely

negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). That said, a

defendant's "failure to respond to a complaint evinces willful default." *Antoine v.*

---

[4] Citing *Fashion Page v. Zurich Ins.*, 50 N.Y.2d 265 (1980), Plaintiff asserts that "service on a lower level employee may be proper if that employee represents themselves as having the authority to accept service." (Status Report, ECF No. 28, at 1 (quotation marks omitted).) *Fashion Page*, however, merely stands for the proposition that "[i]n some circumstances a process server may reasonably rely on a[n] . . . employee's representation that a particular person is authorized to accept service." *Oparaji v. Home Retention Corp*, No. 21-CV-2758 (ENV) (LB), 2021 WL 11629177, at *2 (E.D.N.Y. Sept. 14, 2021) (discussing *Fashion Page*; *see also Avanti Enters., Inc. v. A&T Produce, Inc.*, No. 09-CV-1185 (NGG) (SMG), 2010 WL 3924771, at *3 (E.D.N.Y. July 21, 2010), *report and recommendation adopted*, 2010 WL 3909243 (E.D.N.Y. Sept. 30, 2010); *Dominguez v. B S Supermarket, Inc.*, No. 13-CV-7247 (RRM) (CLP), 2016 WL 7647577, at *5 n.7 (E.D.N.Y. Dec. 1, 2016), *report and recommendation adopted*, 2017 WL 52582 (E.D.N.Y. Jan. 4, 2017); *Lederman v. Benepe*, No. 12-CV-6028 (PGG), 2014 WL 1318356, at *5 n.5 (S.D.N.Y. Mar. 28, 2014). Here, the affidavit of service does not indicate whether Mr. Nun represented to the process server that he was entitled to accept service on behalf of Mamas Grill, nor does it set forth other facts allowing the Court to make the kind of circumstantial inquiry contemplated by *Fashion Page*. (*See* Aff. of Service, ECF No. 14.) *See Fashion Page*, 50 N.Y.2d at 273–74; *see also Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043 (DLI) (SJB), 2019 WL 1450746, at *5 (E.D.N.Y. Jan. 28, 2019) (holding that "pre-printed form" language that the process server "'knew [the recipient] to be a managing agent . . . authorized to accept service,'" absent any explanation for "[h]ow the deponent knew" such information, was insufficient to establish service under C.P.L.R. § 311(a)).

[5] The Court notes Plaintiff's counsel's representations that he has been in contact with Defendants regarding this case. However, even assuming that counsel was specifically in contact with a representative for Mamas Grill, "actual notice of suit [cannot] cure a failure to comply with the statutory requirements for serving process." *Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002).

*Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 80 (E.D.N.Y. 2020) (citing *McNulty*, 137 F.3d at 738–39). Willfulness may also be presumed where, in addition to being properly served with the complaint, the defendant is notified of court proceedings and yet fails to respond. *See, e.g., United States v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006); *see also Antoine*, 489 F. Supp. 3d at 81. Defendants Mama Shnitzel and Mirzacandov's failure to respond or otherwise appear in this action supports a finding of willfulness.

Plaintiff adequately served each of these Defendants. Plaintiff served Mama Shnitzel via the New York Secretary of State on July 8, 2022, as permitted by New York law. (*See* Aff. of Service, ECF No. 9.) *See* N.Y. Bus. Corp. Law § 306(b)(1); Fed. R. Civ. P. 4(e)(1) & (h)(1)(a); *see also Jean-Louis v. Warfield*, 898 F. Supp. 2d 570, 574 (E.D.N.Y. 2012) (explaining that New York law permits service upon a corporation via the New York Secretary of State). As to Mirzacandov, Plaintiff served the summons and complaint on Mr. Nun, "a person of suitable age and discretion at [Mirzacandov's] actual place of business," i.e., the Rego Park address, and mailed copies to Mirzacandov at the same address, in compliance with New York law. N.Y. C.P.L.R. § 308(2); *see* Fed. R. Civ. P. 4(e)(1); *see also Jimenez v. Bosie, LLC*, No. 19-CV-11570 (ER), 2021 WL 2941916, at *5 (S.D.N.Y. July 12, 2021) (explaining that "[b]eing an officer or co-owner of the business where C.P.L.R. § 308(2) service was made gives rise to a 'clear identification of the work performed by her with that place of business'" such that it qualifies as the defendant's "actual place of business" (quoting N.Y. C.P.L.R. § 308(2))).

Neither Mama Shnitzel nor Mirzacandov answered within 21 days of service. (*See* Affs. in Supp. of Default, ECF Nos. 12-1, 17-1.) These Defendants likewise failed to respond after Plaintiff moved for default judgment, after receiving notice of the motion both from Plaintiff and the Clerk of Court. (*See* Aff. of Service, ECF No. 24; Mar. 21, 2023 ECF Scheduling Order; Notice to Defendants, ECF No. 25; *see also* Affs. of Service, ECF

Nos. 27, 29.) The Court further notes Plaintiff's representations at the April 19, 2023 motion hearing — that Plaintiff had communicated with Defendants regarding this action no less than seven times.[6] (*See* Apr. 19, 2023 ECF Minute Entry and Order.) In light of Mama Shnitzel and Mirzacandov's failure to respond, despite being provided notice at least three times of this proceeding, the Court weighs this factor in favor of default.

### C. Meritorious Defense

"To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). Rather, "'[a] defense is meritorious if it is good at law so as to give the factfinder some determination to make.'" *Id.* (quoting *Anilina Fabrique de Colorants v. Aakash Chems. & Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988)). Here, Mama Shnitzel and Mirzacandov have entirely failed to respond to the complaint. In such instances, "courts are unable to make a determination [of] whether the defendant has a meritorious defense." *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 143 (E.D.N.Y. 2013). Accordingly, "this factor weighs in favor of granting a default judgment." *Id.*

### D. Prejudice

"The final factor the Court must consider is whether the non-defaulting part[y] would be prejudiced if the motion for default were to be denied." *Id.* at 148. Denying a motion for default is prejudicial to the plaintiff where "'there are no additional steps

---

[6] The Court also notes that the E.D.N.Y. Pro Se Office received a hand-written letter on November 16, 2022 that appears to be from a Defendant or representative of one of the Corporate Defendants. (*See* Letter, ECF No. 16.) The letter contains an illegible signature and no other indication as to the identity of the sender or their address. (*See id.*) It was purportedly written by an individual who was served and requests time to obtain legal representation. (*See id.*) Given Defendants' failure to respond to the summons or Court's notices, and this clear indication that one or more of the Defendants was aware of this action, entry of a default judgment is appropriate as to Mama Shnitzel and Mirzacandov.

11

available to secure relief.'" *Id.* (quoting *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226 (RLC) (RLE), 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008)). In light of Mama Shnitzel and Mirzacandov's failure to respond to both Plaintiff's and the Court's notices, "there is no indication that requiring Plaintiffs to take further steps . . . would be effective in eliciting a response from Defendants." *Mason Tenders*, 2003 WL 1960584, at *3. The Court therefore finds that Plaintiff would be unfairly prejudiced by denial of the motion for default.

All three factors weigh in favor of default as to Mama Shnitzel and Mirzacanov. Seeing no other equitable reason for denying Plaintiff's motion, the Court recommends entering a default judgment as to these two Defendants.

## III. Liability and Damages

### A. FLSA Liability

To establish liability under the FLSA, a "plaintiff must prove the following: (1) the defendant is an employer subject to . . . [the] FLSA; (2) the plaintiff is an 'employee' within the meaning of . . . [the] FLSA; and (3) the employment relationship is not exempted from . . . [the] FLSA." *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH) (SJB), 2018 WL 3742696, at *4 (E.D.N.Y. May 18, 2018) (quotation marks omitted).

#### 1. *Employers Subject to the FLSA*

An employer is subject to both the minimum wage and overtime provisions of the FLSA if (1) their employees are "engaged in commerce," or (2) the employer is an "enterprise engaged in commerce." 29 U.S.C. §§ 206, 207; *see also Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 299 (E.D.N.Y. 2009). These two methods of establishing FLSA coverage are known as "individual coverage" and "enterprise coverage," respectively. *Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007), *aff'd*, 57 F.3d 93 (2d Cir.

2009). A defendant is an "[e]nterprise engaged in commerce or in the production of goods for commerce" if the defendant is an enterprise that:

> has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . whose annual gross volume of sales made or business done is not less than $500,000 . . . .

29 U.S.C. § 203(s)(1)(A)(i)–(ii). "Commerce" is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

Here, the Court finds that Plaintiff has adequately alleged that Mama Shnitzel is an "[e]nterprise engaged in commerce" and therefore subject to the FLSA. 29 U.S.C. § 203(s). Plaintiff alleges that Mama Shnitzel employed her as a "cashier and general worker" at its restaurant and that, throughout her employment, Mama Shnitzel had "employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." (Compl., ECF No. 1, ¶¶ 6, 10.) Plaintiff further alleges that Mama Shnitzel has "had and continues to have an annual gross volume of sales of not less than $500,000.00." (*Id.* ¶ 10.)

Although Plaintiff's allegations are largely conclusory, courts have noted that "virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA." *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998) (quotation marks omitted); *see also Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 99 n.7 (2d Cir. 2009). In addition, even "local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce." *Archie*, 997 F. Supp. at 530. Here, the Court may safely infer that such goods and materials were used in the operation of

13

Mama Shnitzel's restaurant and that, accordingly, Plaintiff was employed in an enterprise engaged in commerce. *See Finkel*, 577 F.3d at 84 ("In light of [a defendant's] default, a court is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor . . . ."); *Shim v. Millennium Grp.*, No. 08-CV-4022 (FB) (VVP), 2009 WL 211367, at *3 (E.D.N.Y. Jan. 28, 2009) (finding that employer was engaged in interstate commerce where it was "simply inconceivable that none of the [goods] used" in its business "originated outside of New York"). Given the nature of Mama Shnitzel's business, the Court finds that Plaintiff's allegations are sufficient to establish that it is subject to the FLSA.

With respect to Defendant Mirzacandov, the FLSA defines "employer" to include "any persons acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "An individual may be liable as an employer under the FLSA so long as he exercises 'operational control' over the employee in question[,] and individuals who are found to be 'employers' under the FLSA may be held jointly and severally liable to the plaintiff." *Saucedo v. On the Spot Audio Corp.*, No. 16-CV-451 (CBA) (CLP), 2016 WL 8376837, at *5 (E.D.N.Y. Dec. 21, 2016) (citation omitted), *report and recommendation adopted*, 2017 WL 780799 (E.D.N.Y. Feb. 28, 2017). Here, Plaintiff alleges that Defendant Mirzacandov had "operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants," including authority to "determine[] the wages and compensation of employees, including Plaintiff," and "to hire and fire employees." (Compl., ECF No. 1, ¶¶ 23–24.) Taking these allegations as true, the Court finds that Defendant Mirzacandov was an employer subject to the FLSA. *See, e.g., Lopez v. Royal Thai Plus, LLC*, No. 16-CV-4028 (NGG) (SJB), 2018 WL 1770660, at *4 n.4 (E.D.N.Y. Feb. 6, 2018), *report and recommendation adopted*, 2018 WL 1770555 (E.D.N.Y. Apr. 12, 2018).

2. *Employees Covered by the FLSA*

Under the FLSA, an "employee" generally means "any individual employed by an employer." 29 U.S.C. § 203(e)(1); *see generally id.* § 203(e). "In light of [this] broad definition . . . , the Second Circuit has found allegations which simply 'state where the plaintiffs worked, outline their positions, and provide their dates of employment,' sufficient to support a finding of employee status . . . ." *Suggs v. Crosslands Transp., Inc.*, No. 13-CV-6731 (ARR) (MDG), 2015 WL 1443221, at *3 (E.D.N.Y. Mar. 27, 2015) (quoting *Dejesus v. HF Mgmt. Servs.*, 726 F.3d 85, 91 (2d Cir. 2013)).

Here, Plaintiff alleges that she "was employed as a cashier and general worker" at Defendants' restaurant in Rego Park, New York, from May 1, 2022 to May 30, 2022. (Compl., ECF No. 1, ¶¶ 6, 26.) "It follows, therefore, that for purposes of this default, [Plaintiff] qualifies as an 'employee' under the FLSA." *Garcia v. Badyna*, No. 13-CV-4021 (RRM) (CLP), 2014 WL 4728287, at *5 (E.D.N.Y. Sept. 23, 2014); *see also Velu v. Velocity Exp., Inc.*, 666 F. Supp. 2d 300, 307 (E.D.N.Y. 2009) (stating that the "ultimate question is . . . 'whether, as a matter of economic reality, the worker[] depend[s] upon someone else's business for the opportunity to render service or [is] in business for [herself]'" (alterations in original) (quoting *Godoy v. Rest. Opportunity Ctr. of N.Y., Inc.*, 615 F. Supp. 2d 186, 193 (S.D.N.Y. 2009))).

3. *FLSA Exemptions*

Finally, the Court does not find any basis for exempting the employment relationship at issue here from the FLSA's provisions. *See* 29 U.S.C. § 213(a) (setting forth the relevant exemptions). As noted above, Plaintiff alleges that Mama Shnitzel and Mirzacandov employed her as a cashier and general employee — a class of employment not contemplated by any of the statutory exemptions. (Compl., ECF No. 1, ¶ 6.) *See* 29 U.S.C. § 213(a). For the purposes of this default motion, Plaintiff has therefore

adequately alleged facts establishing applicability of the FLSA, as a predicate to her claims under that statute.

## B. Liability Under the NYLL

To recover under the NYLL, Plaintiff must first "prove that [s]he was an 'employee' and that Defendants were 'employers' as defined by the statute and accompanying regulations." *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 360 (E.D.N.Y. 2015) (citing NYLL § 650 *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 12, § 142– 2.2); *see also Lauria v. Heffernan*, 607 F. Supp. 2d 403, 407–08 (E.D.N.Y. 2009). "The NYLL's definitions are nearly identical to the FLSA's." *Glatt v. Fox Searchlight Pictures Inc.*, 293 F.R.D. 516, 526 (S.D.N.Y. 2013), *rev'd on other grounds*, 811 F.3d 528 (2d Cir. 2016); *see Ethelberth*, 91 F. Supp. 3d at 360 (explaining that the NYLL's definition of an employer is broader than the FLSA's). Having already found that Plaintiff has sufficiently pled that Mama Shnitzel and Mirzacandov were employers and that Plaintiff was an employee under the FLSA, the Court finds that Plaintiff has also sufficiently alleged an employee relationship with these Defendants under the NYLL.[7]

---

[7] As explained above, for purposes of her motion for default judgment, Plaintiff does not object to withdrawing her claims for wage notice and statement violations under the New York Wage Theft Prevention Act ("WTPA"). *See* NYLL § 195, 195-3. The Court finds that Plaintiff fails to plead facts showing that she has Article III standing with respect to these claims. Plaintiff merely alleges that Defendants "failed to provide" her with required wage notices or wage statements and that, "[a]s a result of Defendant's violation[s] of the WTPA, Plaintiff is entitled to damages." (Compl., ECF No. 1, ¶¶ 66–67; *see also id.* ¶¶ 63–64.) "Absent any allegation of facts" showing that Plaintiff was harmed by the alleged violations, "or how [her] harm was fairly traceable to Defendant[s'] failure to provide wage notices and statements, Plaintiff has failed to plead 'facts that affirmatively and plausibly suggest that [she] has standing' with respect to [her] wage notice and statement claims." *Veintimilla v. Sunny Builders NY*, No. 22-CV-1446 (LDH) (TAM), 2023 WL 2969385, at *11 (E.D.N.Y. Feb. 17, 2023) (quoting *Hennesssy ex rel. Hennessy v. Poetica Coffee Inc.*, No. 21-CV-5063 (KAM) (RML), 2022 WL 4095557, at *2 (E.D.N.Y. Sept. 7, 2022)); *see Guthrie v. Rainbow Fencing Inc.*, No. 21-CV-5929 (KAM) (RML), 2023 WL 2206568, at *5 (E.D.N.Y. Feb. 24, 2023) (collecting cases). *See generally TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203–07 (2021) (rejecting "the proposition that a plaintiff automatically satisfies the injury-in-fact requirement [of Article III standing] whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right" (quotation

### C. Minimum Wage Violations Under the FLSA and the NYLL

Having determined Defendant's liability, the Court must now decide whether Plaintiff is entitled to a default judgment and compensatory damages. As a preliminary matter, the Court notes that Plaintiff's claims fall within the relevant statutes of limitation.[8] *See* 29 U.S.C. § 255(a) (two years for ordinary FLSA violations); NYLL § 198(3) (six years).

Plaintiff alleges that Defendants "failed to compensate [her] with the applicable minimum hourly wage" during her period of employment. (Compl., ECF No. 1, ¶¶ 54, 58.) Accepting Plaintiff's factual allegations as true, the Court recommends finding that Mama Shnitzel and Mirzacandov's default amounts to an admission of liability as to Plaintiff's minimum wage claims under the FLSA and the NYLL.

Under both statutes, employees must be paid at least the minimum hourly wage for each hour that they work. *See* 29 U.S.C. § 206(a); NYLL § 652. The federal minimum wage has been $7.25 since July 24, 2009. *See* U.S. Dep't of Labor, *History of Federal Minimum Wage Rates Under the Fair Labor Standards Act, 1938-2009*, https://www.dol.gov/agencies/whd/minimum-wage/history/chart (last visited July 21, 2023). During the entirety of Plaintiff's alleged employment by Defendants,

---

marks omitted)). The Court therefore lacks jurisdiction to enter a default judgment with respect to Plaintiff's WTPA claims due to lack of standing.

[8] The Court notes that Plaintiff alleges *willful* violations of the FLSA by Defendants. (*See* Compl., ECF No. 1, ¶ 54.) Willful FLSA claims present a higher pleading burden than ordinary FLSA claims, but allow plaintiffs to take advantage of a three-year statute of limitations. *See Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 320–25 (2d Cir. 2021) (discussing 29 U.S.C. § 255). As stated above, Plaintiff filed her claims within the two-year statute of limitations for ordinary FLSA claims. The Court therefore need not assess whether Plaintiff has adequately established willfulness "as an independent element of [her] claims." *Id.* at 322.

May 1, 2022 through May 31, 2022, the minimum wage in New York City was $15.00 per hour.[9] *See* NYLL § 652(1)(a)(ii).

"For purposes of determining whether Plaintiff[] [was] paid the prevailing minimum wage, the Court" would ordinarily be required to "determine [her] regular hourly rate of pay." *Perez Campos v. Quentin Mkt. Corp.*, No. 16-CV-5303 (DLI) (RER), 2018 WL 9945754, at *4 (E.D.N.Y. Oct. 17, 2018). Here, however, Plaintiff alleges that Defendants failed to pay her "*any* wages during her [period of] employment." (*See* Compl., ECF No. 1, ¶ 41.) Given Plaintiff's allegations that she worked 19.5 hours per week but was not paid whatsoever, Plaintiff has sufficiently shown that her regular rate of pay fell below the applicable minimum wage rates during the entire period of her employment. (*See id.* ¶ 40.)

Throughout the relevant period of Plaintiff's employment, the New York City minimum wage ($15.00/hour) was higher than the federal minimum wage ($7.25/hour). *See supra*. Under the principle that "the law providing the greatest recovery will govern," the Court calculates Plaintiff's minimum wage damages based on the New York City minimum wage rate. *Charvac v. M & T Project Managers of N.Y., Inc.*, No. 12-CV-5637 (CBA) (RER), 2015 WL 5475531, at *4 (E.D.N.Y. June 17, 2015). Because Plaintiff was not paid any wages, her minimum wage damages are calculated by multiplying the New York City minimum wage rate by the number of alleged hours worked throughout her period of employment. Accordingly, the Court finds that Plaintiff is entitled to **$1,316.25** in compensatory damages, as set forth below.

---

[9] The Court notes that Plaintiff does not allege whether Defendants employed "eleven or more employees," such that they qualify as "[l]arge employers" under the NYLL. *See* NYLL § 652(1)(a)(ii). Regardless, the minimum wage rate in New York City for large and small employers was the same during the relevant period, i.e., May 1, 2022 through May 31, 2022. *Compare id.* § 652(1)(a)(i), *with id.* § 652(1)(a)(ii).

| Start Date | End Date | Number of Weeks | NYS Min. Wage | Number of Hours Worked (weeks x 19.5) | Min. Wage Total (19.5 hours per week) |
|---|---|---|---|---|---|
| 5/1/2022 | 5/31/2022 | 4.5 weeks | $15.00 | 87.75 | $1,316.25 |
| | | | | | **$1,316.25** |

### D. Liquidated Damages and Interest

1. *Liquidated Damages*

Under the FLSA, an employee is entitled to recover "the amount of their unpaid minimum wages, or their unpaid overtime compensation" and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). An employee is also entitled to recover liquidated damages under the NYLL. *See Garcia v. Giorgio's Brick Oven & Wine Bar*, No. 11-CV-4689 (LLS) (FM), 2012 WL 3339220, at *4 (S.D.N.Y. Aug. 15, 2012) ("Effective April 9, 2011, Sections 198(1-a) and 663(1) of the NYLL were amended to provide for liquidated damages equal to one-hundred percent of the amounts underpaid."), *report and recommendation adopted*, 2012 WL 3893537 (S.D.N.Y. Sept. 7, 2012). Because plaintiffs cannot obtain a double recovery, courts award liquidated damages for unpaid wages under *either* the FLSA or the NYLL, whichever provides for a greater recovery. *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (per curiam) ("We therefore interpret the NYLL and FLSA as not allowing duplicative liquidated damages for the same course of conduct."); *see, e.g.*, *Morales v. Mw Bronx, Inc.*, No. 15-CV-6296 (TPG), 2016 WL 4084159, at *10 (S.D.N.Y. Aug. 1, 2016). Under these provisions, the Court recommends an award of liquidated damages equivalent to Plaintiff's compensatory damages under the NYLL, i.e., **$1,316.25**.

2. *Prejudgment Interest*

As to Plaintiff's request for prejudgment interest, "'[i]t is well settled that in an action for violations of the [FLSA,] prejudgment interest may not be awarded in

addition to liquidated damages.'" *Begum v. Ariba Disc., Inc.*, No. 12-CV-6620 (DLC), 2015 WL 223780, at *3 (S.D.N.Y. Jan. 16, 2015) (alteration in original) (quoting *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988) (per curiam)). In contrast, the NYLL permits the award of both liquidated damages and prejudgment interest. *See Begum,* 2015 WL 223780, at *3. This is because New York State views liquidated damages as punitive, not compensatory; prejudgment interest is thus not considered a duplicative damages award. *Compare Janus v. Regalis Constr., Inc.*, No. 11-CV-5788 (ARR) (VVP), 2012 WL 3878113, at *8–9 (E.D.N.Y. July 23, 2012) (explaining that liquidated damages under the NYLL are "punitive in purpose"), *report and recommendation adopted*, 2012 WL 3877963 (E.D.N.Y. Sept. 4, 2012), *with Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 48 (E.D.N.Y. 2015) (explaining that liquidated damages under the FLSA are meant to be compensatory, not punitive).

The availability of both liquidated damages and prejudgment interest under the NYLL "remains true even where liability is found not only under the NYLL but also under the FLSA." *Begum,* 2015 WL 223780, at *3 (citing *Thomas v. iStar Fin.,* 652 F.3d 141, 150 n.7 (2d Cir. 2011)). Prejudgment interest is calculated "on the unpaid wages due under the NYLL, not on the liquidated damages awarded under the state law." *Mejia v. E. Manor USA Inc.*, No. 10-CV-4313 (NG) (SMG), 2013 WL 3023505, at *8 n.11 (E.D.N.Y. Apr. 19, 2013), *report and recommendation adopted*, 2013 WL 2152176 (E.D.N.Y. May 17, 2013). Here, because Plaintiff is entitled to an equivalent award of minimum wage damages under either the NYLL or the FLSA, the Court finds that Plaintiff is entitled to prejudgment interest.

The statutory rate of interest in New York is nine percent per annum. N.Y. C.P.L.R. § 5004. Where damages were incurred at various times, interest may be calculated from a single reasonable intermediate date. *Id.* § 5001(b). The midpoint of a

plaintiff's employment is a reasonable intermediate date for purposes of calculating prejudgment interest. *See Fermin*, 93 F. Supp. 3d at 49 (collecting cases); *Ying Ying Dai v. ABNS NY Inc.*, 490 F. Supp. 3d 645, 662 (E.D.N.Y. 2020). "Most courts in this district calculate simple prejudgment interest in NYLL actions from the midpoint date of the claims through the date judgment is entered." *Perez Campos*, 2018 WL 9945754, at *8 (citing *Fermin*, 93 F. Supp. 3d at 49); *see also Gortat v. Capala Bros.*, 949 F. Supp. 2d 374, 386 (E.D.N.Y. 2013).

Here, given that the relevant dates of Plaintiff's employment are May 1, 2022 to May 31, 2022, the midpoint of Plaintiff's employment by Defendants was approximately May 16, 2022. Accordingly, the Court recommends that prejudgment interest be awarded under the NYLL on Plaintiff's compensatory damages award of $1,316.25 from May 16, 2022, to the date judgment is entered at a per diem interest rate of **$0.32** ($1,316.25 × 0.09 / 365).

  3. *Post-Judgment Interest*

Plaintiffs are also generally entitled to post-judgment interest under 28 U.S.C. § 1961(a). Section 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Under the statute, interest is calculated "from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." *Id.* In *Fermin*, the court awarded post-judgment interest on all sums awarded pursuant to the plaintiffs' FLSA and NYLL wage-and-hour claims. *See Fermin*, 93 F. Supp. 3d at 53. The same approach is appropriate here. The Court therefore respectfully recommends an award of post-judgment interest, to be calculated from the

date the Clerk of Court enters judgment in this action until the date of payment, using the federal rate established by 28 U.S.C. § 1961(a).

### E. Attorney's Fees

Under both the FLSA and the NYLL, a prevailing plaintiff is entitled to an award of "reasonable" attorney's fees. *See* 29 U.S.C. § 216(b); NYLL § 663(1). In considering an application for attorney's fees, courts must first determine the presumptively reasonable fee. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008). The presumptively reasonable fee is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotation marks omitted).

Courts can and should exercise broad discretion in determining a reasonable fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("The court necessarily has discretion in making this equitable judgment."); *Arbor Hill*, 522 F.3d at 190 (noting the court's "considerable discretion"). The method for determining reasonable attorney's fees in this circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases. *See Arbor Hill*, 522 F.3d at 186 n.3, 190. In particular, when assessing an attorney's requested hourly rate, courts typically consider other rates awarded in the district in which the reviewing court sits. This is known as the "forum rule." *See Simmons*, 575 F.3d at 174–75 (recounting history of the forum rule); *see also Arbor Hill*, 522 F.3d at 191 ("We presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally.").

22

Once the court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended in order to determine the presumptively reasonable fee. *See Arbor Hill*, 522 F.3d at 190. With very limited exceptions, "contemporaneous time records are a prerequisite for attorney's fees in this Circuit." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983). The court must review these time records and the hours an attorney billed in order to determine reasonableness and, in doing so, should examine the value of the work product and "'exclude excessive, redundant or otherwise unnecessary hours.'" *Concrete Flotation Sys., Inc. v. Tadco Constr. Corp.*, No. 07-CV-319 (ARR) (VVP), 2010 WL 2539771, at *5 (E.D.N.Y. Mar. 15, 2010) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 2009)), *report and recommendation adopted*, 2010 WL 2539661 (E.D.N.Y. June 17, 2010). "[A] fee award should be based on scrutiny of the unique circumstances of each case[.]" *McDaniel v. County of Schenectady*, 595 F.3d 411, 426 (2d Cir. 2010) (quotation marks omitted).

1. *Reasonableness of Requested Rate*

Plaintiff has submitted records indicating that Plaintiff's counsel, Mr. Mizrahi, billed at a rate of $325.00 per hour for hours worked in this case.[10] (*See* Pl.'s Billing Records, ECF No. 22-2.) Plaintiff's counsel also filed an affidavit detailing his own legal experience and that of his firm. (*See* Decl. of Jason Mizrahi, ECF No. 22.) According to counsel's affidavit, Mr. Mizrahi graduated from law school in 2016, and is presently an associate attorney at Levin-Epstein & Associates, P.C. (*See id.* ¶ 9.)

Although rates of $300 per hour for associates are generally excessive in this district, the Court notes that Mr. Mizrahi has previously been awarded attorney fees at

---

[10] Plaintiff's records include billing entries for a process server and the filing fee for this action. (*See* Pl.'s Billing Records, ECF No. 22-2.) The Court addresses costs *infra*.

a rate of $325.00 per hour in this district. *See Sims v. Crown Waste Corp.*, No. 22-CV-6047 (BMC), 2023 WL 363070, at *2 (E.D.N.Y. Jan. 23, 2023). *But see Ming Du v. CGS Metal Fabrication Inc.*, No. 19-CV-1821 (ARR) (TAM), 2022 WL 987316, at *12 (E.D.N.Y. Jan. 14, 2022) (finding a $300 per hour rate "excessive given the prevailing rates for associates in this district"). Given Mr. Mizrahi's experience in FLSA cases, the Court finds the requested rate of attorney's fees reasonable.

2. *Reasonableness of Hours Billed*

The billing records indicate that Plaintiff's counsel worked 14.5 hours in connection with this case, and counsel has submitted contemporaneous time records to substantiate the charges. (*See* Pl.'s Billing Records, ECF No. 22-2.) The Court notes that this amount of time has been deemed reasonable in similar cases. *See, e.g., Fermin*, 93 F. Supp. 3d at 52 (accepting 26.4 hours of billed attorney work as reasonable in a default judgment FLSA case); *Lu Nan Fan v. Jenny & Richard's Inc.*, No. 17-CV-6963 (WFK) (RLM), 2019 WL 1549033, at *15 (finding that 25.5 hours was "not unreasonable" in similar case).

Having carefully reviewed the billing records, the Court finds that 14.5 hours is a reasonable amount of work expended on this case, from pre-filing investigation through the preparation of Plaintiff's motion for default judgment and supporting papers. The Court therefore recommends that Plaintiff be awarded **$4,712.50** in attorney's fees (14.5 x $325/hour).

**F. Costs**

Plaintiff requests $635.50 in court filing fees and charges related to service of the complaint. (Supp. Mem., ECF No. 21, at 13.) The Court may take judicial notice of the $402 filing fee. Additionally, Plaintiff has submitted a copy of an invoice received from the process server; the invoice indicates that the costs of service amounted to $110.40.

24

(Invoice, ECF No. 22-3.) In the absence of receipts documenting additional costs, the Court recommends an award of **$512.40** in costs.

## CONCLUSION

For the foregoing reasons, the Court recommends finding that entry of default is warranted as to Defendants Mama Shnitzel Inc. and Mike Mirzacandov, and that, under the default judgment standard, Plaintiff has established that these Defendants violated the minimum wage provisions of both the FLSA and NYLL. The Court further recommends finding, however, that the Court lacks jurisdiction as to Defendant Mamas Grill Inc. due to insufficient service.

Accordingly, the Court respectfully recommends that Plaintiff's motion be granted in part and that a default judgment be entered against Defendants Mama Shnitzel Inc. and Mike Mirzacandov. With respect to damages, the Court recommends that Plaintiff be awarded a sum of **$2,632.50**, comprised of **$1,316.25** in compensatory damages and **$1,316.25** in liquidated damages. The Court further recommends an award of (1) prejudgment interest on Plaintiff's unpaid minimum wage damages at a per diem interest rate of **$0.32**, calculated from May 16, 2022 to the date final judgment is entered; (2) post-judgment interest at the rate set forth in 28 U.S.C. §1961(a); (3) **$4,712.50** in attorney's fees; and (4) **$512.40** in costs. Finally, the Court recommends that Plaintiff be awarded a fifteen-percent increase in damages under the NYLL, not including post-judgment interest, for any amounts that are not paid within ninety days of judgment or the expiration of time to appeal.[11]

---

[11] The NYLL provides that "[a]ny judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL § 198(4); *see also Rodriguez v. Solares Corp.*, No. 16-CV-3922

\* \* \* \* \*

This report and recommendation will be filed electronically and a copy sent by mail to all Defendants. As a courtesy, the Court also respectfully directs Plaintiff to provide a copy of this report and recommendation forthwith and to file proof of same by **August 4, 2023**. Objections to this report and recommendation must be filed, with a courtesy copy sent to the Honorable Hector Gonzalez at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the

---

(CBA) (SMG), 2018 WL 7252949, at \*12 (E.D.N.Y. Aug. 14, 2018), *report and recommendation adopted*, 2019 WL 486883 (E.D.N.Y. Feb. 7, 2019). The increase applies only to damages awarded under state law. *See id*. (recommending that the fifteen-percent increase provided for under NYLL § 198(4) be limited to amounts "awarded exclusively under the NYLL"); *see also De la Cruz Casarrubias v. Surf Ave Wine & Liquor Inc.*, No. 20-CV-3003 (AMD) (RLM), 2021 WL 2227977, at \*13 (E.D.N.Y. May 11, 2021) (citing *Rodriguez* and limiting conditional fifteen percent increase to damages awarded under the NYLL), *report and recommendation adopted*, 2021 WL 2223275 (E.D.N.Y. June 2, 2021). Accordingly, Plaintiff's damages under the NYLL should be increased by fifteen percent for any amounts unpaid after ninety days following the issuance of judgment or the expiration of the time to appeal. *See Gonzalez-Diaz v. Daddyo's Mgmt. Grp.*, No. 16-CV-1907 (ENV) (RML), 2017 WL 7625319, at \*7 (E.D.N.Y. Nov. 7, 2017) (finding that the total amount of the judgment would automatically increase if any amount remained unpaid upon the expiration of ninety days following issuance of the judgment).

specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

      **SO ORDERED.**

Dated:  Brooklyn, New York
       July 21, 2023

                                _Taryn A. Merkl_
                                TARYN A. MERKL
                                UNITED STATES MAGISTRATE JUDGE